IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DIANA ARTHUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-3468-SSA-CV-S-WAK |
| | ) | |
| JO ANNE B. BARNHART, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Claimant Diana Arthur seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. She claims she became disabled beginning on August 17, 2001. The parties' briefs were fully submitted, and on November 8, 2005, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not,

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Claimant Diana Arthur was born in 1957 and has a high school education. She previously worked as a cleaner/housekeeper, a janitor, a laundry worker, a child day care worker and a cashier/checker. She alleges disability based on multiple sclerosis and hypertension. She stated she had pain in her legs and arms, had numbness and weakness in her arms, was unsteady on her feet, and her legs jerked at night so much that it woke her up.

The Administrative Law Judge (ALJ) found that Arthur had the severe impairments of hypertension, obesity and restless leg syndrome. He found, however, that her

2

impairments were not disabling within the meaning of the Social Security Act, her subjective complaints were inconsistent with the objective findings, and that she could perform her former work.

She claims the ALJ erred when he did not find her multiple sclerosis to be severe, when he didn't consider all of her symptoms and conditions together, when he discounted the medical source statements submitted by Dr. Glynn, and when he failed to adequately explain his credibility decision.

The medical records in this case clearly show that claimant suffered from symptoms for which she sought treatment. An MRI of her brain was initially ruled suspicious for multiple sclerosis, but further testing and examinations by three neurologists failed to confirm multiple sclerosis. The neurologists did not diagnose multiple sclerosis and seemed to suggest that she had small vessel ischemic disease instead. Most of her objective tests and neurological clinical examinations were normal.

She was diagnosed with restless leg syndrome and prescribed medication for that condition. Medical notes indicate that the medication helped, even if it did not alleviate the problem.

Dr. Glynn was claimant's treating physician and he stated she had multiple sclerosis, notwithstanding the findings of the neurologists. At various times, he diagnosed fibromyalgia, metabular spasms and hyperthyroidism. He saw claimant approximately once a month and submitted medical source statements which would limit her activities and preclude work.

The ALJ summarized all of the medical evidence and claimant's testimony. He noted the lack of objective support for Dr. Glynn's opinions and gave greater weight to the opinions of the specialists who did not diagnose multiple sclerosis. He noted claimant indicated in her written work that she could do more than what she testified to at the hearing. He also looked at her prior earnings history, which was good for several years in a row, but which was poorer in some prior years. He then made his credibility findings and determined Arthur's residual functional capacity.

"Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical

and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence.  Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003).  The decision to discredit such complaints, however, must be supported by substantial evidence based upon the record as a whole.  Dixon v. Barnhart, 353 F. 3d at 605.

Likewise, the ALJ's determination of residual functional capacity must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  It is a medical consideration that, in essence, defines "what he or she can do despite his or her limitations.  20 C.F.R. § 404.1545."  Pearsall v. Massanari, 274 F.3d 1211, 1214 (8th Cir. 2001).  Thus, the ALJ must set forth the limitations and determine how those limitations affect claimant's RFC. Lewis v. Barnhart, 353 F.3d at 646.  The burden of proof, however, has not shifted to the ALJ.  The claimant, and not the Commissioner or the ALJ, has the burden of proving his or her residual functional capacity.  Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995).

In this case, Arthur has fairly consistently sought medical care for conditions which she feels limit her daily activities and abilities to work.  The court is not insensitive to her complaints and her probable frustration that her complaints are not better accounted for by objective medical evidence .  Notwithstanding that acknowledgment, the standard of review has not changed.

This court must sustain the agency's decision if it is supported by substantial evidence on the record as a whole.  42 U.S.C. § 405(g); Piercy v. Bowen, 835 F.2d 190 (8th Cir. 1987).  "Where there are inconsistencies in the evidence as a whole, the [Commissioner] may discount subjective complaints."  Stephens v. Shalala, 46 F.3d 37, 39 (8th Cir. 1995). After careful consideration of the record, the court finds substantial evidence to support the ALJ's decision to discount plaintiff's testimony and the opinions of Dr. Glynn.  When considering the administrative record as a whole, the agency's decision is supported by substantial evidence.

Accordingly, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 28th day of November, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

5